UNITED STATES DISTRICT COURT
IN THE DISTRICT OF ALASKA - FAIRBANKS

UNITED STATES OF AMERICA,
for the Use and Benefit of
MIDSTATE EQUIPMENT, INC.,
an Alaska corporation,

          Plaintiffs,

v.

AHTNA CONSTRUCTION &
PRIMARY PRODUCTS, LLC, an
Alaska limited liability corporation;
and GREAT AMERICAN
INSURANCE COMPANY, a
foreign corporation,

          Defendants.

Case No. 4:19-cv-00010-JWS

COMPLAINT FOR BREACH
OF CONTRACT, WRONGFUL
TERMINATION, ACCOUNT
STATED, VIOLATION OF THE
PROMPT PAYMENT ACT,
CLAIM AGAINST MILLER
ACT PAYMENT BOND,
UNFAIR TRADE PRACTICES,
AND UNFAIR CLAIMS
SETTLEMENT PRACTICES

Plaintiffs, United States of America, for the use and benefit of Midstate Equipment, Inc. (collectively "Midstate") allege as follows:

## I. PARTIES

1. Midstate is, and at all times material to this action was, a corporation organized and existing under the laws of the State of Alaska (Entity No. 57218D), and a licensed contractor under the laws of the State of Alaska (License No. CONE29580), and has met all other prerequisites to maintain this action.

COMPLAINT – 1

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

2. Midstate supplied and delivered top soil and "woody debris" as a subcontractor to Defendant, Ahtna Construction & Primary Products, LLC ("Ahtna"), for the construction project known as the Delta-Clearwater Remediation Project Phase 2 in Delta Junction, Alaska—Solicitation No. 12SPEC18B004 (the "Project"). The Project was constructed by the United States of America through the Department of Agriculture Natural Resources Conservation Service ("USDA-NRCS").

3. Ahtna is an Alaska limited liability company. Ahtna was the prime contractor to the USDA-NRCS on the Project.

4. Great American Insurance Company ("GAIC"), is an Ohio corporation, duly organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, County of Hamilton, State of Ohio, and authorized and licensed to do business and is doing business in the State of Alaska as a surety issuing bonds required by law or contract by the State of Alaska, the United States of America, and various agencies within the jurisdiction of this Court.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction, as this case arises under the Miller Act, 40 U.S.C. §§ 3131 and 3133. In accordance with the Miller Act, and as part of its obligations pertaining to the Project, Ahtna, as principal, and GAIC, as surety, provided to the United States of America a payment bond (the "Bond"). Ahtna and GAIC are each jointly and severally liable for full payment to persons and entities who supplied labor and materials in connection with the Project, including Midstate. GAIC's liability is limited to the penal sum of the Bond.

COMPLAINT – 2

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

6. This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1352, and 1367.

7. This action involves a payment dispute on a Federal Government construction project in Delta Junction, Alaska. Venue is proper in this Judicial District, pursuant to 28 U.S.C. § 1391 and 40 U.S.C. § 3133(b)(3)(B), because the Project is located in this Judicial District, and the events or omissions giving rise to the claims occurred in this District.

### III. BREACH OF CONTRACT AND WRONGFUL TERMINATION

8. Midstate entered into a purchase order subcontract (the "Subcontract") with Ahtna, by which Midstate agreed to provide labor and materials in connection with the Project. The Subcontract was a lump sum agreement. Midstate was to be paid at unit prices at $2.62 per square yard of delivered top soil, and $2.60 per square yard of delivered woody debris.

9. A disagreement arose between the parties as to how the delivered quantities were to be measured for payment, with Ahtna stating that it would measure the volume of delivered quantities after Athna installed the top soil and woody debris in place on the Project (the "in-place measurement"), while Midstate relied on its quote and the Subcontract stating that measurement for delivered quantities would take place as delivered in the truck before Ahtna installed the materials (the "truck-load" measurement).

10. During the Project, to resolve the dispute, Ahtna and Midstate agreed that measurement for materials would be by "truck-load" at a standard measurement of 120 square yards per truck load for woody debris and 27 truck cubic yards (121.5 square yards at 8 inches deep) for top soil. Ahtna confirmed the Parties' agreement by email from its President to Midstate dated August 22,

COMPLAINT – 3

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

Case 4:19-cv-00010-JWS   Document 1   Filed 04/10/19   Page 3 of 12

2018, stating: "I'll agree to truck load measurement of 120 sq./yd. for woody debris and 27 cy on top soil."

11. Midstate then modified its previously submitted invoices to match the terms of the Parties' agreement stated in Ahtna's August 22, 2018 email. Ahtna then paid Midstate's modified invoices according to the terms of the August 22, 2018 email.

12. Midstate continued invoicing Ahtna according to the August 22, 2018 email until work halted for the "winter shutdown." Before the winter shutdown, Ahtna approved the Midstate invoices submitted after August 22, 2018 as accurate and properly payable, but failed to remit payment.

13. After the Project halted for the "winter shutdown," having received the full benefit of Midstate's contract performance, Ahtna transmitted a letter dated November 2, 2018 stating it was unilaterally adjusting the only paid invoice and the approved-but-unpaid invoices to withhold a total of $268,313.64. Ahtna's stated basis was that it conducted an audit of the materials after Ahtna installed them using the "in-place measurement" method and determined that the quantities were not the same as Midstate billed using the "truck load measurement" the Parties agreed to use and confirmed in Ahtna's August 22, 2018 email.

14. Ahtna has failed to pay Midstate for the work Midstate properly performed in accordance with the Subcontract and the Parties' August 22, 2018 agreement and, therefore, has breached the Subcontract with Midstate.

15. During the "winter shutdown," Ahtna began actively soliciting other contractors to perform Midstate's work on the Project. As a result, Midstate had reasonable uncertainty that Ahtna intended to honor the

COMPLAINT – 4

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

Subcontract and have Midstate return to the Project. At all times Midstate was willing and able to return to perform the Subcontract, even in light of the payment dispute.

16. Midstate demanded written assurances that Ahtna would honor the Subcontract and have Midstate return to finish the Project after the "winter shutdown." Ahtna failed to either respond to Midstate's demand or otherwise provide assurances.

17. Ahtna, by failing to respond or provide assurances, anticipatorily breached the Subcontract thereby terminating the Subcontract. Midstate had fully performed all obligations it owed by the terms of the Subcontract at the time Ahtna effectively terminated the Subcontract. Ahtna's termination of the Subcontract was both wrongful and a material breach of the Subcontract.

18. Ahtna owes Midstate such damages as will be proved at trial, which for purposes of this Complaint are stated to be a sum not less than $268,314 for Subcontractor work performed but not paid, as well as its damages for Ahtna's wrongful termination which for the purposes of this Complaint are stated to be a sum not less than $498,500, together with prejudgment interest, attorneys' fees, and costs, as the reasonable, unpaid value of Midstate's work and damages for Ahtna's wrongful termination of Midstate.

## IV. ACCOUNT STATED

19. During its performance of work on the Project, Midstate submitted change orders, invoices, and/or payment applications to Ahtna for its services, labor, materials, supplies, and equipment, which stated the balance owed to Midstate as of the date of each change order, invoice, and/or payment application.

COMPLAINT – 5

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

Case 4:19-cv-00010-JWS   Document 1   Filed 04/10/19   Page 5 of 12

20. Ahtna paid some of Midstate's submitted invoices without objection, and approved others as accurate and appropriate for payment. Several months later, after receiving the benefit of Midstate's performance, Ahtna unilaterally sought to adjust those paid and/or approved invoices.

21. Ahtna failed to object to Midstate's invoices or other statements of monies owed within a reasonable time.

22. Midstate's invoices/statements and Ahtna's agreement regarding the sums requested by Midstate establish an account stated. Midstate is entitled to payment of the amount stated in each invoice as a matter of law, including applicable late fees and interest at the highest rate allowed by contract or statute, owing on the amount.

## V. CLAIM AGAINST PAYMENT BOND UNDER MILLER ACT

23. Ahtna has failed to pay Midstate the principal sum of $268,314 for work properly performed prior to the winter shutdown, and has failed to pay additional sums owed for work Midstate properly performed during the winter shutdown preparing to return to work as will be proven at trial.

24. At the time of filing suit, more than ninety (90) days, but less than one (1) year, have expired from the last date upon which Midstate furnished labor, equipment, and materials to the Project. Midstate has otherwise satisfied all the requirements for pursuing a claim against the Bond.

25. In accordance with the terms of the Bond and Miller Act, Ahtna and GAIC are jointly and severally liable to Midstate for a sum not less than $268,314, and other sums for preparations to return to work following the winter shutdown, as well as unrecouped site development costs for the work as will be proven at trial, together with interest at the maximum rate legally permissible

COMPLAINT – 6

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

Case 4:19-cv-00010-JWS   Document 1   Filed 04/10/19   Page 6 of 12

from the date said sums were due, any late payment interest penalty as provided under the Prompt Payment Act, costs, attorneys' fees, and such other amounts as may be proven at trial and to which Midstate is entitled either by statute or under the Subcontract.

## VI. VIOLATION OF PROMPT PAYMENT ACT

26. Ahtna's conduct in failing and refusing to pay Midstate for all labor and material it provided to the Project is a violation of 31 U.S.C. § 3901, *et seq.* ("the Prompt Payment Act"). As a consequence, pursuant to the Prompt Payment Act, Midstate is entitled to be paid the full Subcontract balance, as well as the statutory late payment interest penalty calculated beginning the day after the required payment date.

## VII. QUANTUM MERUIT

27. Midstate is entitled to be compensated for the fair and reasonable value of its work, material, and services. The reasonable value of the labor, materials, and services provided for and on behalf of Ahtna is $268,314, as well as other sums for preparations to return to work following the winter shutdown, as well as unrecouped site development costs for the work as will be proven at trial.

## VIII. PROMISSORY ESTOPPEL

28. To resolve payment and performance disputes during the Project, Ahtna promised that it would pay Midstate for the volume of delivered top soil and woody debris by "truck-load measurements" (not "in-place") at a standard rate of 120 square yards per truck load for woody debris and 27 truck cubic yards for top soil. Ahtna confirmed the Parties' agreement by email from its

COMPLAINT – 7

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

President to Midstate dated August 22, 2018, stating: "I'll agree to truck load measurement of 120 sq./yd. for woody debris and 27 cy on top soil."

29. Ahtna's agreement to resolve the payment dispute induced Midstate to continue performance pursuant to the terms of the Subcontract through the winter-shutdown. Ahtna foresaw or should have foreseen that its August 22, 2018 email confirming the Parties' agreement would cause Midstate to continue performing through the winter-shutdown.

30. During the winter shutdown, after receiving the full benefit of Midstate's performance in the prior season, Ahtna immediately abandoned the Parties' agreement stated in Ahtna's August 22, 2018 email and withheld payment premised on "in-place measurements" (as opposed to the agreed upon "truck load measurements)—taking the same position for payment withholding that it had taken prior to the August 22, 2018 email and agreement.

31. Enforcement of Ahtna's promise to honor the Parties' agreement stated in Ahtna's August 22, 2018 email is necessary to avoid injustice for Midstate's continued performance through the winter-shutdown and beyond.

32. Midstate is entitled to recover $268,314, as well as other sums for preparations to return to work following the winter shutdown, as well as unrecouped site development costs for the work as will be proven at trial.

## IX. AHTNA'S UNFAIR TRADE PRACTICES

33. To resolve payment and performance disputes during the Project, Ahtna promised that it would pay Midstate for the volume of delivered top soil and woody debris by "truck-load measurements" (not "in-place") at a standard rate of 120 square yards per truck load for woody debris and 27 truck cubic yards for top soil. Ahtna confirmed the Parties' agreement by email from its

COMPLAINT – 8

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

President to Midstate dated August 22, 2018, stating: "I'll agree to truck load measurement of 120 sq./yd. for woody debris and 27 cy on top soil."

34. During the winter shutdown, after receiving the full benefit of Midstate's continued performance in the prior season, Ahtna abandoned the Parties' agreements stated in Ahtna's August 22, 2018 email and withheld payment premised on "in-place measurements"—taking the same position for payment withholding that it had taken prior to the August 22, 2018 email and agreement.

35. Ahtna's agreement and subsequent August 22, 2018 email confirming the same was made solely to induce Midstate's continued performance through the winter-shutdown. Ahtna never intended to meet the terms of the agreement it made with Midstate or its August 22, 2018 email.

36. Midstate and Ahtna are businesses engaged in the exchange of goods and services constituting trade and/or commerce.

37. Ahtna's conduct in making an "agreement" it never intended to keep was made for the sole purpose of inducing Midstate's continued performance through the winter shutdown. Ahtna's deception is further corroborated by it abandoning the agreement upon receiving the full benefit of Midstate's performance. Ahtna's conduct is a violation of Alaska's Unfair Trade Practices and Consumer Protection Act at AS 45.50 *et seq.* (the "UTPCPA").

38. Ahtna's violation of the UTPCPA entitles Midstate to its actual damages incurred in an amount to be proven at trial, but not less than $268,314, as well as other sums for preparations to return to work following the winter shutdown, as well as unrecouped site development costs for the work, along with attorney's fees, interest, and treble damages thereon.

COMPLAINT – 9

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

Case 4:19-cv-00010-JWS   Document 1   Filed 04/10/19   Page 9 of 12

## X. UNFAIR CLAIMS SETTLEMENT PRACTICE AND BAD FAITH

39. On December 21, 2018, Midstate transmitted a formal Notice of Miller Act Bond Claim to GAIC and Ahtna for the unpaid Subcontract balance. Midstate provided all relevant documentation for GAIC's consideration, including the August 22, 2018 email from Ahtna confirming the agreed pricing arrangement, and detailed explanation of the dispute and basis for recovery.

40. On February 22, 2019, GAIC denied Midstate's Bond Claim for the unpaid Subcontract balance in whole. GAIC's denial did not provide any reference to, or analysis of, the August 22, 2018 email agreement from Ahtna to Midstate.

41. GAIC's investigation failed to satisfy Alaska's Unfair Claim Settlement Practices at AS 21.36 *et seq.* and 3 AAC 26 *et seq.* and constitutes a deceptive and unfair trade practice under the UTPCPA.

42. GAIC also breached its obligation owed to Midstate as the obligee under the Bond to act in good faith.

43. Midstate is entitled to recover its actual damages incurred for GAIC's bad faith conduct and violation of the UTPCPA in an amount to be proven at trial, but not less than $268,314, as well as attorney's fees, interest, and treble damages thereon.

## XI. PRAYER FOR RELIEF

WHEREFORE, Midstate requests Judgment as follows:

A. Against Ahtna and GAIC, jointly and severally, for work properly performed but not paid at a sum to be proven at trial, but for the purposes of this Complaint stated to be not less than $268,314, as well as other sums for preparations to return to work following the winter shutdown, as well as

COMPLAINT – 10

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

unrecouped site development costs for the work, or such other sum as will be proven at trial, plus interest at the maximum rate legally permissible from the date said sums were due, the late payment interest penalty as provided under the Prompt Payment Act, attorneys' fees, and costs and business destruction/diminution damages in an amount to be proved at time of trial;

  B. Against Ahtna for breach of contract, wrongful termination, quantum meruit, and promissory estoppel in amount to be proven at trial, but not less than $268,314 for work performed but not paid, as well as its damages for Ahtna's wrongful termination which for the purposes of this Complaint are stated to be a sum not less than $498,500 or as will be proven at trial;

  C. Against Ahtna for violating Alaska's Unfair Trade Practices and Consumer Protection Act in an amount to be proven at trial which for the purposes of this Complaint are stated to be a sum not less than $268,314, as well as other sums for preparations to return to work following the winter shutdown, as well as unrecouped site development costs for the work, along with attorney's fees, interest, and treble damages thereon.

  D. Against GAIC for its breach of its obligation of good faith and fair dealing owed to Midstate as the obligee under the Bond, as well as GAIC's violation of Alaska's Unfair Trade Practices and Consumer Protection Act in an amount to be proven at trial which for the purposes of this Complaint are stated to be a sum not less than $268,314, as well as other sums for preparations to return to work following the winter shutdown, as well as unrecouped site development costs for the work, along with attorney's fees, interest, and treble damages thereon.

COMPLAINT – 11

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900   Fax: (206) 287-9902

177391.1 | 23089.5

Case 4:19-cv-00010-JWS   Document 1   Filed 04/10/19   Page 11 of 12

1        E.     Attorneys' fees and costs in accordance with the Subcontract or other applicable law; and

       F.     For such other and further relief as the Court may deem just and equitable.

DATED: This 10th day of April, 2019.

                                **AHLERS CRESSMAN & SLEIGHT PLLC**

                                By: _/s/John P. Ahlers_____
                                John P. Ahlers, ASB 0707048
                                999 Third Avenue, Suite 3800
                                Seattle, Washington 98104-4088
                                Telephone: (206) 287-9900
                                Facsimile: (206) 287-9902
                                Attorneys for Plaintiffs

COMPLAINT – 12

LAW OFFICES OF
AHLERS CRESSMAN & SLEIGHT PLLC
999 THIRD AVENUE, SUITE 3800
SEATTLE, WASHINGTON 98104-4023
(206) 287-9900  Fax: (206) 287-9902

177391.1 | 23089.5

Case 4:19-cv-00010-JWS   Document 1   Filed 04/10/19   Page 12 of 12

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
(206) 287-9900

Attorneys *(If Known)*
(907) 276-1550

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                                                DOCKET NUMBER

DATE                                                SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

Case 4:19-cv-00010-JWS Document 1-1 Filed 04/10/19 Page 1 of 2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff* | ) ) ) ) | |
| v. | ) ) ) ) | Civil Action No. |
| *Defendant* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                   *Signature of Clerk or Deputy Clerk*

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff* <br> v. <br> *Defendant* | ) <br> ) <br> ) <br> )    Civil Action No. <br> ) <br> ) <br> ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: